UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| BRIAN FOX, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:19-cv-195-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| TEAM GOLIATH, Inc., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court on Plaintiff Brian Fox's "Motion to Send Notice to Similarly Situated Employees." [DE 11]. For the reasons stated herein below, and the Court being otherwise sufficiently advised, Fox's motion to send notice, [DE 11], is hereby **GRANTED**.

On May 2, 2019, Plaintiff, Brian Fox ("Fox") filed the above-styled action, bringing claims against the Defendants Team Goliath, Inc., Christian Reisch, Jason Dascher, alleging the defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Kentucky Wage and Hour Law ("KWHA"), KRS Chapter 337. [DE 1]. In particular, Fox alleges that defendants willfully failed to compensate him and similarly-situated individuals in accordance with the FLSA and the KWHA. [Id.].

On May 9, 2019, Fox filed a motion for leave to send notice of this action to the alleged similarly situated employees. [DE

1

11]. Section 216(b) of the FLSA provides that employees may maintain an action for unpaid wages on behalf of himself and "similarly situated employees." However, before such similarly situated employee may become a party plaintiff to this lawsuit, he or she must file written consent with the Court. *Id*. "Certification of FLSA collective actions typically proceeds in two phases." *Williams v. King Bee Delivery, LLC*, No. 5:15-cv-306, 2017 WL 987452, *4 (E.D. Ky. Mar. 14, 2017) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). "At the notice stage, the certification is conditional and by no means final." *Id.* (internal quotations omitted). "The plaintiff must show only that his position is similar, *not identical*, to the positions held by the putative class members." *Id.* (internal quotations omitted) (emphasis in original). "This determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Id.*

In filing his motion for leave to send notice to such similarly situated employees, Counsel for Fox attached the declarations of Plaintiff, Brian Fox, Justin Kinney, and Michael Miller. [DE 11-2; 11-3; 11-4]. However, those three declarations were electronically docu-signed rather than handwritten. [Id]. On May 10, 2019, the Clerk of Court entered a "Notice of Deficiency" informing Counsel for Fox that only a scanned copy of an original signature for the declarants must be filed, and provided Plaintiff

2

seven (7) calendar days in which to prepare a "Notice of Filing" in order to attach scanned copy of the declarations with the original signature of the declarant.

On May 16, 2019, Fox then filed an "Emergency Motion" to accept the declarations with electronic signatures rather than original signatures. [DE 15]. On May 21, 2019, the Court denied the motion, and directed Fox to file wet signatures within fourteen (14) days. [DE 17]. Fox did so on June 3, 2019. [DE 23].

Notably, during this time, Team Goliath did not file any response in opposition to Fox's motion to the instant motion. [DE 11]. Instead, on June 21, 2019, the parties filed a joint motion to stay the case for one hundred and twenty (120) days, [DE 27], which the Court granted. [DE 29]. As part of that order, the Court stayed "...the proceedings, including Defendants' obligation to respond to the Complaint, Motion to Send Notice, and the Motion to Expedite Consideration." [DE 29 at 2, PageID #203].

On November 21, 2019, the stay lapsed and this Court subsequently directed the parties to meet and confer and file a joint status report. [DE 32]. The parties filed a joint status report on December 20, 2019.[1] [DE 34]. Therein, the parties stipulated that "...Defendants will provide Plaintiff's counsel with the class list so that notice of this action can be

---

[1] The Defendants also filed their Answer on December 20, 2019. [DE 33].

distributed to all similarly situated employees employed from May 3, 2016 to present." [DE 34 at 1, PageID #238].

Here, Defendants have filed no response objecting to the instant motion. *See* Fed. R. Civ. P. 7.1. Moreover, the parties have stipulated to Plaintiff's request to send notice to all similarly situated employees. [DE 34 at 1, PageID #238]. Accordingly, **IT IS ORDERED** as follows:

(1) That Plaintiff Fox's motion, [DE 11], is, and hereby shall be, **GRANTED**;

(2) That Plaintiff Fox's motion to expedite consideration of motion, [DE 12], is, and hereby shall be, **DENIED AS MOOT**; and

(3) The Parties are **DIRECTED** to submit with their Rule 26 discovery plan, [DE 35], the appropriate procedure by which the parties shall send notice to similarly situated employees.

This the 10th day of January, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge